IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRET S. MERRICK,**

    **Plaintiff,**

    v.                                      Civil Action 2:21-cv-4803
                                                    Judge Edmund A. Sargus, Jr.
                                                    Magistrate Judge Elizabeth P. Deavers

**WARDEN NOBLE CORRECTIONAL
INSTITUTION,** *et al.***,**

    **Defendants.**

**ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION**

Plaintiff Bret S. Merrick's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*      \*      \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1] Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

## II.

Plaintiff, proceeding without the assistance of counsel, purports to submit a medical deliberate indifference claim against four Defendants: (1) the Warden of Noble Correctional Institution ("NCI"); (2) a medical professional identified as "Dr. Eddy," who allegedly works in Columbus; (3) a medical professional identified as "Dr. Capers," who allegedly works at NCI; and (4) the Ohio Department of Rehabilitation and Corrections (the "ODRC"). (*See* ECF No. 1-1 at PAGEID ## 13-17.) Specifically, Plaintiff alleges that in March 2020, he alerted prison officials to the fact that he experiences difficulties eating – "[s]pecifically, swallowing his food without choking or throwing up," but they did not respond appropriately. (*Id.* at PAGEID # 17.)

Attached to Plaintiff's Complaint is a copy of Plaintiff's grievance correspondence with NCI personnel from March 21, 2021 to June 8, 2021. (ECF No. 1-1 at PAGEID ## 19-22.) This correspondence provides substantial clarity to the nature of Plaintiff's allegations herein.[1] First, for example, Plaintiff noted on March 29, 2021 that in March 2020 (before the COVID lockdowns), he had complained "about the difficulties [he had] eating that cause [him] to choke up and regurgitate [his] food." (*Id.* at PAGEID # 19.) Following these complaints, Plaintiff was scheduled "to go to an outside facility to have a barium sw[a]llow test to get a diagnosis for what the issue may be." (*Id.*) In April 2020, however, NCI officials postponed the barium swallow

---

[1] Pursuant to Federal Rule of Civil Procedure 10, an exhibit is considered a part of the complaint "for all purposes." *Bradbury v. Ohio Dep't of Rehab. & Correction*, No. 2:23-CV-2355, 2023 WL 5278529, at *1 n.2 (S.D. Ohio Aug. 16, 2023), *report and recommendation adopted*, No. 2:23-CV-2355, 2023 WL 6997143 (S.D. Ohio Oct. 24, 2023) (citing Fed. R. Civ. P. 10(c); *Fishman v. Williams*, No. CV 14-4823, 2016 WL 11484591, at *7 n.6 (C.D. Cal. Sept. 21, 2016) ("When screening a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached thereto."); *Johnson v. Buffalo Pub. Schools: Adult Educ. Div.*, No. 19-CV-1484, 2021 WL 9455714, at *3 (W.D.N.Y. Jan. 7, 2021) ("The Court deems the attachments and exhibits attached to [the plaintiff's] Complaint part of the pleading and considers them, to the extent they are relevant, in its screening decision.")).

test "because they said only in cases of emergency would they send anyone to an outside facility" during the COVID lockdowns. (*Id.*) Plaintiff also noted that after six months, prison officials put him on a new diet, and three months later he was switched to another new diet "to attempt to manage the condition." (*Id.*) Then, after "nearly a year" he finally underwent a barium swallow test and was diagnosed with Achalasia. (*Id.*)

The attached correspondence also reveals that prison officials interpreted Plaintiff's grievance as a complaint that he was "not getting proper treatment" for his Achalasia. (*Id.*) On April 13, 2021, however, Plaintiff corrected this interpretation by stating that his claim "***has nothing to do with the minimal care the institution is currently providing me***, other than it proves the institution deprived me care from march 2020 to april 2021." (*Id.* (emphasis added).)[2] Instead, Plaintiff stated that his claim arises out of "nearly 13 months of the institution not doing anything for [his] needs," which caused him "13 months of choking everytime [he] ate" and "13 months of not knowing if [his] next meal would be [his] last." (*Id.*)

With that context, the Court interprets Plaintiff's Complaint to allege that his condition constituted a "medical emergency" and was "objectively serious," and that Defendants acted with deliberate indifference from March 2020 through April 2021 by failing to "identify the sources of his condition and attempt[] to treat plaintiff each time he complained of continuing symptoms, knowing that he lacked ability or control to treat himself." (ECF No. 1-1 at PAGEID # 17.) Plaintiff seeks monetary damages (compensatory and punitive), and requests that the

---

[2] On October 27, 2023, the Court noted that Plaintiff was subsequently transferred from NCI to Chillicothe Correctional Institution ("CCI") and that "Plaintiff does not have any claims relating to his time at CCI." (ECF No. 3.) These facts caused the Court to "question[] whether Plaintiff still wishes to pursue his claim." (*Id.*) On November 7, 2023, Plaintiff confirmed his desire to continue pursuing this action, which is consistent with his April 13, 2021 comment that his claims are limited to the nearly thirteen (13) month period after he first reported his swallowing difficulties in March 2020. (ECF No. 4.)

5

court issue an order requiring Defendants "to appropriately respond[] to Plaintiff's medical emergency, take the necessary steps to identify the source of his condition and attempt[] to treat the plaintiff each time he complains of continuing symptoms." (*Id.* at PAGEID # 18.)

Upon review, the Undersigned concludes that Plaintiff has failed to state a claim upon which relief can be granted. As a preliminary matter, while Plaintiff has identified four Defendants in the caption of his Complaint, Plaintiff fails to specifically reference or identify any of the Defendants in his actual allegations. (*See* ECF No. 1-1 at PAGEID # 17.) Even under the liberal construction afforded to *pro se* complaints, Plaintiff's claims against these Defendants must be dismissed. *Aniyunwiya v. Lutz*, No. 2:22-CV-2325, 2022 WL 4493975, at *2 (S.D. Ohio Sept. 28, 2022), *report and recommendation adopted*, No. 2:22-CV-2325, 2022 WL 11213499 (S.D. Ohio Oct. 19, 2022), *on reconsideration*, (Jan. 18, 2023), and *report and recommendation adopted*, No. 2:22-CV-2325, 2023 WL 2433761 (S.D. Ohio Mar. 9, 2023) ("Thus, where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints.") (quoting *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012).

Even if, *arguendo*, Plaintiff had included specific allegations against any or all of the Defendants, Plaintiff has not stated a claim for medical deliberate indifference. A claim for medical deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained as follows:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir.2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The

> prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011). Where the risk of serious harm is obvious, it can be inferred that the defendants had knowledge of the risk. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments. However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted). Along similar lines, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs, Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). Rather, the Sixth Circuit considers the subjective component to be satisfied where defendants recklessly disregard a substantial risk to a plaintiff's health. *Parsons v. Caruso*, 491 F. App'x 597, 603 (6th Cir. 2012). Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002) (citing cases).

Plaintiff must satisfy both the objective and subjective components to adequately state a claim for medical deliberate indifference. First, the objective component mandates that a plaintiff demonstrate a "sufficiently serious" medical need, "which is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (internal quotation marks and citations omitted). "If the plaintiff's claim,

7

however, is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious, then the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Smith v. Knipe*, No. 2:23-CV-166, 2023 WL 6784244, at *3 (W.D. Mich. Oct. 13, 2023) (internal quotation marks and citations omitted). Here, Plaintiff arguably has met this burden, as he alleges being unable to eat without choking or throwing up. (ECF No. 1-1 at PAGEID # 17.) Courts have looked favorably on such allegations. *See Grote v. Kenton Cnty., Kentucky*, 85 F.4th 397, 406 (6th Cir. 2023) ("[E]xternal signs of internal distress can indicate to a layperson that a detainee has a serious medical need.") (citing cases); *see also Blackmore v. Kalazmazoo Cnty.*, 390 F.3d 897, 899 (6th Cir. 2004) (vomiting is "a clear manifestation of internal physical disorder"); *Chestnut v. Smith*, No. 9:21-CV-02018-RMG, 2022 WL 2314612, at *3 (D.S.C. June 28, 2022) ("It is undisputed Plaintiff's achalasia is a serious medical need.").

Turning to the subjective component, however, Plaintiff has failed to properly allege that Defendants acted with deliberate indifference towards his serious medical needs. While Plaintiff alleges the Defendants failed to "appropriately respond to his medical emergency" from March 2020 through April 2021, the attached correspondence reveals that while prison officials continued to monitor Plaintiff's (then-undiagnosed) condition during this time period, "there is no record that [Plaintiff] required urgent intervention or an ER trip" for his Achalasia. (ECF No. 1-1 at PAGEID # 20.) Plaintiff also does not allege that Defendants had the "sufficiently culpable state of mind" to support the subjective component. *Williams v. Ohio Dep't of Rehab. & Corr.*, No. 2:20-CV-6424, 2023 WL 3437208, at *2 (S.D. Ohio May 12, 2023), *report and recommendation adopted*, No. 2:20-CV-6424, 2023 WL 4932872 (S.D. Ohio Aug. 2, 2023) ("Regarding this subjective second element, 'an inmate must show that prison officials had a

8

sufficiently culpable state of mind.'") (quoting *Berkshire v. Dahl*, 928 F.3d 520, 535 (6th Cir. 2019) (citations and internal quotation marks omitted)). Thus, it appears that Plaintiff's claim against Defendants can be reduced to "a difference of opinion between him and the prison health care providers and a dispute over the adequacy of his treatment," which "does not amount to an Eighth Amendment claim." *Apanovitch*, 32 F. App'x at 707.

Separately, even if Plaintiff had stated a claim for medical deliberate indifference claim, Plaintiff has failed to seek appropriate relief. First, to the extent Plaintiff's claims are against Defendants in their official capacities, Plaintiff is not permitted to recover compensatory or punitive damages. *Straughter v. Eddy*, No. 2:23-CV-1268, 2023 WL 3900673, at *5 (S.D. Ohio June 8, 2023), *report and recommendation adopted*, No. 2:23-CV-1268, 2023 WL 4423888 (S.D. Ohio July 10, 2023) ("Any claims for monetary damages against state employees or officials *in their official capacities* are barred by the Eleventh Amendment to the United States Constitution.") (citing *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018)) (emphasis in original); *see also Crabbs v. Scott*, No. 2:12-CV-1126, 2013 WL 12498338, at *3 (S.D. Ohio Nov. 20, 2013) ("[P]unitive damages are not available in an official capacity claim.") (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.13 (1985)).

Next, and finally, Plaintiff's transfer from NCI to CCI renders his claims for injunctive relief moot. *Morris v. Haines*, No. 3:22-CV-200, 2022 WL 4462217, at *3 (S.D. Ohio Sept. 26, 2022), *report and recommendation adopted*, No. 3:22-CV-200, 2022 WL 15523529 (S.D. Ohio Oct. 27, 2022), *motion for relief from judgment denied*, No. 3:22-CV-200, 2023 WL 5240934 (S.D. Ohio July 26, 2023) ("Because plaintiff is no longer incarcerated at the Jail--the place where the alleged violations of his rights occurred--his requests for declaratory and injunctive relief against defendants are moot.") (collecting cases). Plaintiff's Complaint is inconsistent on

this point anyway, as his request to order Defendants "to appropriately respond[] to Plaintiff's [condition], take the necessary steps to identify the source of his condition and attempt[] to treat [him] each time he complains of continuing symptoms" is directly undermined by the attached correspondence, which reveals that: (a) Plaintiff has been diagnosed with Achalasia; and (b) his claim "has nothing to do" with the care that the prison was "currently providing [him]." (*Compare* ECF No. 1-1 at PAGEID # 18 *with id.* at PAGEID ## 19-20.) Regardless of this inconsistency, the law is clear that Plaintiff's claim for injunctive relief is moot.

For all of these reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED** in their entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief can be granted.

### III.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: November 21, 2023   /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE