UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRET S. MERRICK,**

      **Plaintiff,**

v.

Civil Action 2:21-cv-4803
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth Preston Deavers

**WARDEN NOBLE CORRECTIONAL INSTITUTION,** *et al.*,

      **Defendants.**

## ORDER

This matter is before the Court for consideration of a Report and Recommendation issued by the Magistrate Judge on March 18, 2024 (ECF No. 13), to which Plaintiff filed an Objection (ECF No. 16). This Court has made "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, the Court concludes that the Magistrate Judge issued a well-reasoned, thorough, and legally correct Report and Recommendation that is undisturbed by Plaintiff's Objection.

## BACKGROUND

Plaintiff Bret S. Merrick brings this action seeking vindication of his Eighth Amendment right to be free from cruel and unusual punishment. (Am. Compl., ECF No. 12, at PageID # 114.) Plaintiff brings this action against multiple defendants. These defendants are Jay Forshey (the

1

Warden of Noble Correctional Institution), Dr. Tina Capers, Dr. Eddy, the Office of Correctional Health Care ("OCHC"), Correctional Officer Mrs. Wiley, Noble Correctional Institution ("NCI"), and Ohio Department of Rehabilitation and Corrections ("ODRC"). (*Id.* at PageID # 112.)

Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs. (*Id.* at PageID # 114.) Plaintiff is an incarcerated person who was at NCI in March 2020. There, he informed prison officials and medical professionals that he had trouble eating without choking or throwing up. (*Id.*) Dr. Tina Capers was the medical professional responsible for treating Plaintiff's condition. (*Id.*) Plaintiff alleges that Dr. Capers refused to listen to the details of his medical issues, instead turning him away and refusing to provide certain treatment because it was too costly. (*Id.*)

Plaintiff alleges that Correctional Officer Mrs. Wiley made Food Services remove his medical diet and harassed him. Due to malnutrition, Plaintiff experienced light-headedness and dizziness. While experiencing these symptoms, Plaintiff fell and hit his head, causing him to convulse and have "seizure activity." (*Id.* at PageID # 115.) After this episode, Plaintiff met with Dr. Capers. In that meeting, he discussed with Dr. Capers the fact he filed a lawsuit and named her as a defendant. He alleges that Dr. Capers then ordered Plaintiff into medical isolation. (*Id.*)

Thereafter, Plaintiff was transferred from NCI to Chillicothe Correctional Institution. Plaintiff was informed that Dr. Eddy, the Collegial Review Head Administrator, was the Medical Director responsible for overseeing his medical situation. (*Id.* at PageID # 116.) He alleges that, as Dr. Capers' overseer, Dr. Eddy acted with deliberate indifference for allowing Dr. Capers to act as she did. (*Id.*)

Plaintiff also alleges that OCHC, Forshey, NCI, and ODRC, through "some custom or standard," acted with deliberate indifference by not ensuring he received proper medical care. (*Id.*

at PageID # 117.)

For the alleged deliberate indifference, Plaintiff seeks relief in the form of up to $250,000 monetary damages per defendant, punitive damages per defendant in the same amount, injunctive relief requiring the state medical examining board to temporarily suspend the physicians' licenses, and for the Court to "empower the Ohio Peace Officer Training Commission to temporarily suspend the correctional officer's Ohio Peace Officer Training Certificate" until the Review Commission issues an intent to suspend her license. (*Id.* at PageID # 118.)

**II.     Report and Recommendation**

The Magistrate Judge conducted an initial screen and concluded that Plaintiff advances plausible claims against Dr. Capers for medical deliberate indifference and retaliation, and against Mrs. Wiley for retaliation. (R&R, ECF No. 13, at PageID # 136–42.) The Magistrate Judge concluded that Plaintiff's other claims—against Warden Forshey, Dr. Eddy, OCHC, NCI, and ODRC—fail due to their conclusory nature. (*Id.* at PageID # 143–45.) Finally, the Magistrate Judge concluded that Plaintiff's requested relief regarding a recommended suspension of medical employees and suspension of prison employees is improper. (*Id.* at PageID # 146.)

Plaintiff timely objected to the R&R. (Pl. Obj., ECF No. 16.)

**ANALYSIS**

In his Objection to the Magistrate Judge's R&R, Plaintiff states that OCHC, NCI, and ODRC are responsible for the wellbeing of incarcerated people. He states that the customs and standards of OCHC, NCI, and ODRC were used to deny his grievances and kept him improper conditions. (Pl. Obj., ECF No. 16, at PageID # 155–56.) However, as the Magistrate Judge notes, Plaintiff fails to identify these rules, practices, customs or standards, or how they were violated or used to violate his Eighth Amendment rights. (R&R, ECF No. 13, at PageID # 144–45.)

Accordingly, Plaintiff's allegations against OCHC, NCI, and ODRC are conclusory and lack specific allegations of facts supporting his claims.  The Court dismisses Plaintiff's claims against OCHC, NCI, and ODRC.

Plaintiff similarly objects to dismissal of his claims against Warden Forshey and Dr. Eddy.  As the Magistrate Judge notes, supervisory liability may only be imposed where officials implicitly authorize, approve, or knowingly acquiesce in unconstitutional conduct.  (R&R, ECF No. 13, at PageID # 143 (quoting *Mann v. Ohio Dep't of Rehab. & Corr.*, No. 2:18-cv-1565, 2019 WL 2617471, at *5 (S.D. Ohio June 26, 2019)).)  Plaintiff objects to the R&R, stating that Warden Forshey approved the institutional transfer that removed Plaintiff from NCI.  (Pl. Obj., ECF No. 16, at PageID # 155–56.)  Plaintiff also states that he was informed Dr. Eddy is responsible for overseeing the medical personnel responsible for Merrick's treatment.  (*Id.*)  Plaintiff's conclusory allegations do not establish supervisory liability.  Therefore, the Court dismisses Plaintiff's claims against Warden Forshey and Dr. Eddy.  The Court dismisses Plaintiff's claims against Warden Forshey and Dr. Eddy.

Finally, Plaintiff objects to the Magistrate Judge's recommendation that his injunctive relief recommending suspension of physician medical licenses and suspending prison employees is improper.  The undersigned agrees with the Magistrate Judge's recommendation.  This Court lacks the authority to temporarily suspend state-issued licenses and certifications, nor may it make such a recommendation to the state medical boards.  Accordingly, those requests for injunctive relief are improper.

## CONCLUSION

For the reasons stated herein, the Court hereby:

1. **ADOPTS** the Report and Recommendation (ECF No. 13);

4

2. **OVERRULES** Plaintiff's Objection (ECF No. 16); and

3. **DISMISSES** all claims other than Plaintiff's claims against Defendants Dr. Tina Capers and Mrs. Wiley.

The Clerk is hereby **DIRECTED** to terminate from this case Defendants Warden Forshey, Dr. Eddy, OCHC, NCI, and ODRC. Plaintiff may proceed with his medical deliberate indifference and retaliation claims against Dr. Tina Capers and his retaliation claim against Mrs. Wiley.

This case remains open.

**IT IS SO ORDERED.**

<u>**5/16/2024**</u>  <u>**s/Edmund A. Sargus, Jr.**</u>
**DATE**  **EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**